IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHONG SU YI,                                          *

Plaintiff                                             *

v.                                                    *     Civil Action No. PWG-16-1004

BOARD OF ELECTION OF MONTGOMERY *
COUNTY
MARYLAND BOARD OF ELECTIONS,       *
Defendants
                                                     ***

## MEMORANDUM OPINION

The above-captioned Complaint was filed on April 5, 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis shall be granted. Plaintiff also has filed an Amended Complaint. ECF No. 4.

Plaintiff appears to allege that it is unconstitutional for him, as a registered Independent, not to be allowed to vote in the primary election. *Id.* He claims:

> The State of Maryland election is governed by State agencies; Maryland Board of Elections and County Board of Elections, including upcoming April 26th 2016. Plaintiff is registered Independent; but regulated by County board of elections; and Maryland Board of Elections; and not allowed to vote in either democratic party primary or republican party primary.
>
> ****
>
> When Election is governed by Maryland Board of Elections and implemented by Board of Election et al; which actively prevents Plaintiff; colored, and Race of Orient; from voting; there is a clear violation of 15th amendment.

*Id.* at 2-3. For relief Plaintiff seeks an injunction that the

> Board of Election and respective counties board of elections et al not to deploy voting machines in April 26, 2016; and November 8th 2016; and via sua sponte order Clerk to contact all the counties in State of Maryland's each of county's board of elections not to deploy voting machines via the guilty by association. Guilty by association is proper.

*Id.* at 3.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

April 28, 2016
Date

Paul W. Grimm
United States District Judge