IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| CHONG SU YI, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Case No.: PWG-16-1004 |
| | * | |
| BOARD OF ELECTION OF | | |
| MONTGOMERY COUNTY | * | |
| MARYLAND BOARD OF ELECTIONS, | | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiff, who is proceeding *pro se*, filed this action against the Maryland Board of Elections alleging a violation of his Fifteenth Amendment right to vote. Specifically, the Plaintiff alleged that the Defendant precluded him from voting in both the Democratic and Republican primaries because of his status as a registered independent. ECF No. 1. On April 6, 2016 the Plaintiff filed an Amended Complaint adding the Board of Election of Montgomery County as a Defendant. ECF No. 4. I entered a Memorandum Opinion and an Order dismissing Plaintiff's Amended Complaint on April 28, 2016, ECF Nos. 5 & 6, and on May 16, 2016, Plaintiff filed a Motion for Reconsideration of the April 28, 2016 Order, ECF No. 7. He amended his motion on May 25, 2016. ECF No. 8. Because Plaintiff has not stated a meritorious reason to alter the previous conclusion of the Court, his Motions will be DENIED.

Plaintiff's motions, filed within twenty-eight days of the dismissal order, are Rule 59(e) motions to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of So.*

*Pines,* 532 F.3d 269, 277–80 (4th Cir. 2008).   "Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, [the Fourth Circuit] has previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *See Pacific Ins. Co v. Am. Nat'l Fire. Ins. Co.,* 148 F.3d. 396, 403 (4th Cir. 1998). The Fourth Circuit has set clear limitations on Rule 59(e) motions and specified that these motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment . . . ." *See id.* "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright et al., *Fed. Prac. & Proc.* § 2810.1, at 124).   It "is not a license for a losing party[] to get a 'second bite at the apple.'" *Shields v. Shetler,* 120 F.R.D. 123, 126 (D. Co. 1988) (cited in *Potter v. Potter,* 199 F.R.D. 550, 552 n.1 (D. Md. 2001)).

Plaintiff's Motion for Reconsideration constitutes a classic example of seeking a "second bite at the apple," which, if allowed, would defeat the concept of judicial finality and would transform motions practice into a never-ending cycle of intra-court review.   He does not argue that "there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *See Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 411 (4th Cir. 2010).   Rather, he simply presents his pleadings for a third time in his Motion for Reconsideration and for a fourth time in his Amended Motion for Reconsideration.

Accordingly, it is, this 29th day of June, 2016, hereby ORDERED that Plaintiff's

Motion for Reconsideration, ECF No. 7, and Amended Motion for Reconsideration, ECF No. 8,

ARE DENIED.  The Clerk shall mail a copy of this Memorandum Order to Plaintiff.

/S/

Paul W. Grimm
United States District Judge

dh

3